UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Carroll Chitwood,<br><br>Plaintiff<br><br>vs.<br><br>CoreLogic SafeRent, LLC,<br><br>Defendants. | Civil Action No.      3:15-4804-TLW<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

**JURISDICTION**

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Defendant CoreLogic SafeRent, LLC ("CoreLogic") is a foreign limited liability company whose sole member is CoreLogic, Inc., a corporation with its principal place of business, "nerve center" and headquarters in the State of California.

3. CoreLogic is a consumer reporting agency which conducts business in the State of South Carolina.

4. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

5. Plaintiff would show that the amount in controversy exceeds $75,000.00.

6. There is complete diversity of citizenship between all parties.

7. In addition to jurisdiction as stated above, this Court additionally has jurisdiction over the parties and subject matter of this action under 28 U.S.C. § 1332.

## FACTUAL ALLEGATIONS

8.  Defendant CoreLogic is a nationwide consumer reporting agency (CRA), and compiles and maintains files on most adults in the United States.

### A.  CoreLogic's Business

9.  CoreLogic's files contain names, addresses, social security numbers, dates of birth, and other items of personal identifying information about consumers.

10. CoreLogic's files also include criminal histories, eviction records, and other types of public records and information bearing upon the credit worthiness of consumers and their eligibility for apartment leases and employment.

11. CoreLogic compiles its files from information derived from various public records and also from private data brokers.

12. From its files, CoreLogic sells consumer reports about millions of consumers annually.

13. CoreLogic is regulated by the federal Fair Credit Reporting Act (FCRA) and is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information it provides, and to ensure that the information provided actually belongs to that consumer.

14. One of the consumer reports that CoreLogic prepares and sells is a tenant screening report.

15. Such reports are sold to landlords and used with tenant applications to determine whether tenants are eligible to rent homes for which they have applied.

16. CoreLogic's tenant screening reports contain, in addition to credit information, an ALERTS section, a Multistate Criminal Search Report, and a Multistate Sex-Offender Report.

### B.  CoreLogic's False Reporting on Plaintiff

17. On or about October 4, 2015 the home that Plaintiff and his wife owned was severely damaged by flooding and became uninhabitable.

18. Under emergency circumstances and with no place to live, Plaintiff and his wife Patti, searched for an apartment to rent, and found and applied to Paces Brook Apartments.

19. On or about October 6, 2015, at the request of the Paces Brook leasing agent, CoreLogic prepared and sold a tenant screening report on Plaintiff.  Upon information and belief, the report included Plaintiff's credit history and credit score, both of which were strong and well within the range required for his application to be approved.

20. However, CoreLogic's report also contained the following false information:

   a. That Plaintiff had a "Multi-state Sex Offender record"

   b. That Plaintiff was a "Registered Sex Offender"

   c. That Plaintiff had been convicted or charged with "Indecency with a Child (By Contact).

   d. That Plaintiff had committed multiple such offenses and/or had had to register on multiple occasions.

   e. That Plaintiff was a "Lifetime" registrant in the Sex-Offender database.

21. The foregoing information – by which CoreLogic called Plaintiff a child molester - was false and defamatory.

22. Upon information and belief, the false information pertained to another individual with a similar (but different) name, a different date of birth, a different social security number, a different physical address, and a markedly different physical description.

23. Defendant's inclusion of the above mismatched information in Plaintiff's report was due to its negligent and/or willful failure to follow procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681e(b).

24. Based on the false and inaccurate information, Plaintiff learned from an "Adverse Action Letter" from Paces Brook Apartments that his application was not approved based on information in a report from CoreLogic.

25. Plaintiff attempted to dispute the inaccurate information by contacting CoreLogic by phone.  After being placed on hold for approximately 30 minutes, a representative of Defendant asked for Plaintiff's identification information.  Despite acknowledging that Plaintiff was not the individual to whom the criminal information belonged and, even

after being told the urgency of Plaintiff's housing situation, Defendant stated that it would take a minimum of two weeks before the false information could be removed from Plaintiff's file.  Thus, the inaccurate information was not corrected by CoreLogic at that time, resulting in Plaintiff being denied the apartment.

26. As a direct and proximate result of CoreLogic's false disclosures, Plaintiff and his wife were denied their fundamental right to procure suitable housing following the flooding of their home, suffered extreme embarrassment and humiliation, shame, and emotional distress, and such other damages as shown at trial.

## FOR A FIRST CAUSE OF ACTION

### (Negligent Noncompliance with FCRA)

27. Plaintiff realleges and incorporates the above allegations to the extent not inconsistent with the allegations of this Cause of Action.

28. Defendant CoreLogic prepared and furnished credit reports on plaintiff that contain false information.

29. Defendant CoreLogic negligently violated the FCRA, including but not limited to the requirements in 15 U.S.C. §1681e(b).

30. Because of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered and continues to suffer actual damages, including economic loss, denial of the ability to rent a home, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

31. Plaintiff requests attorney fees under 15 U.S.C. §1681o(a).

## FOR A SECOND CAUSE OF ACTION

### (Willful Noncompliance with FCRA)

32. Plaintiff realleges and incorporates the above allegations to the extent not inconsistent with the allegations of this Cause of Action.

33. Defendant CoreLogic prepared and furnished credit reports on plaintiff that contain false and defamatory information.

34. Defendant CoreLogic willfully violated the requirements of FCRA.

35. Because of Defendant's willful failure to comply with the requirements of FCRA it is liable for punitive damages in an amount to be determined by the jury.

36. Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

### PRAYER FOR RELIEF

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate him for actual damages, punitive damages, statutory damages, such interest as is allowable by law, costs, attorney's fees, and such other relief as is just and proper.

DAVE MAXFIELD, ATTORNEY, LLC

By:     s/ Dave Maxfield_____
        David A. Maxfield, Esq., Fed ID 6293
        5217 N. Trenholm Road, Suite B
        Columbia, SC 29206
        803-509-6800
        855-299-1656 (fax)
        dave@consumerlawsc.com

December 1, 2015